UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                  **ORDER**
v.                                Criminal Case No. 11-90 ADM

Andrew Paul Stoner,

        Defendant.

---

Tracy L. Perzel, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Joseph P. Tamburino, Esq., Caplan & Tamburino Law Firm, PA, Minneapolis, MN, on behalf of Defendant.

---

      This matter is before the undersigned United States District Judge for consideration of Defendant Andrew Paul Stoner's letter [Docket No. 23], in which Stoner's counsel requests that the amount of restitution adjudged against him be reduced.  The Government opposes Stoner's request.

      On August 23, 2011, Judgment was entered against Stoner in this criminal case sentencing him to three months of imprisonment and $1,580,908.00 in restitution for his role in a mortgage fraud scheme.  Am. J. [Docket No. 20].

      On February 5, 2014, Stoner by letter requests the restitution amount be reduced to $14,403.98.  Stoner argues that at the time of his sentencing, the Government had not identified any victims, and that the Government did not identify any victims thereafter in accordance with 18 U.S.C. § 3664.  As a result, the only amount of identified loss remaining is the loss suffered by CitiMortgage, in the amount of $14,403.98, and only that amount can be ordered as restitution against him.

Stoner's request is denied.  In the Pre-Sentencing Report (PSR), the probation officer wrote that at least three victims had been identified through investigative reports: Bear Stearns, Wells Fargo, and U.S. Bank.  PSR ¶¶ 15, 16.  Although these banks had not returned their victim impact statements by the time of the report, the probation officer stated that, based on his own investigation, he had identified a total loss of $1,580,908.  Stoner never objected to this finding in the PSR, nor did Stoner raise any argument about restitution before or at sentencing.  On the contrary, Stoner specifically stated that he did not contest that $1,580,908 was the total loss amount, and he made no argument about its apportionment among the other co-defendants.  Def.'s Sentencing Mem. [Docket No. 15] 4.  Stoner offers no good cause for why he could not have raised his present argument in a timely manner.  He cannot now—over two years after his sentencing—attempt to modify the judgment against him.

Even if Stoner had raised this issue at sentencing, his argument would not succeed.  This is not a case in which the amount of restitution was a speculative estimate, and Stoner makes no argument that it was.  See United States v. Young, 272 F.3d 1052 (8th Cir. 2001); United States v. Miller, 419 F.3d 791 (8th Cir. 2005).  The probation officer investigated the amount of loss and arrived at a specific determination, which the Government accepted and to which Stoner did not object.  The PSR also identified the victims at issue.[1]  Thus, restitution in the amount of $1,580,908 was sufficiently identified at the time of sentencing.

In its opposition to Stoner's request, the Government submits a more detailed schedule of restitution, and argues the Court has jurisdiction to adopt it.  See Pl.'s Resp. [Docket No. 31]

---

[1] The PSR acknowledged that additional losses and victims could later be identified.  An additional victim, CitiMortgage, was indeed later identified, and the losses suffered by CitiMortgage were not added to Stoner's restitution amount.

Ex. A.  The time limits stated in 18 U.S.C. § 3664, and in the Mandatory Victims Restitution Act (MVRA) as a whole, were intended to protect victims' rights, and not the rights of defendants. Thus, district courts may retain jurisdiction over a restitution judgment in order to protect victims and avoid conferring a windfall to a defendant.  See United States v. Balentine, 569 F.3d 801, 804, 806-07 (8th Cir. 2009).  Because the Amended Sentencing Judgment did not specifically state the victims at issue, the Government's schedule of restitution is hereby adopted as further clarifying the restitution judgment against Stoner.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Andrew Paul Stoner's letter request [Docket No. 23] is **DENIED**.

2. Exhibit A to the Government's Response [Docket No. 31] is **ADOPTED** as modifying the Amended Sentencing Judgment [Docket No. 20].

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 25, 2014.